**Clifton SMITH, Jr., Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

**No. 02–3312.**

United States Court of Appeals, Federal Circuit.

Feb. 13, 2003.

Before NEWMAN, MICHEL, and PROST, Circuit Judges.

NEWMAN, Circuit Judge.

Clifton Smith, Jr. petitions for review of the decision of the Merit Systems Protection Board, Docket No. NY831E010239–I–1, affirming the decision of the Office of Personnel Management that he is not entitled to a disability retirement annuity. We *dismiss* the appeal for lack of jurisdiction.

Background

Mr. Smith was employed by the United States Postal Service as a mailhandler. In November of 1992, Mr. Smith stopped attending work. Approximately six years later, on November 9, 1998, he filed an application for CSRS disability retirement with OPM, alleging that chronic bronchitis and chest pain prevented him from performing the duties of his position. OPM denied the application because he had failed to prove that he was disabled. The decision noted that although Mr. Smith had been treated for chronic obstructive pulmonary disease, there was no evidence that his illness was exacerbated by the work environment or that it kept him from performing his duties. Mr. Smith requested reconsideration but failed to provide further medical documentation, and OPM reached the same conclusion upon reconsideration.

Mr. Smith appealed to the Board, which, after reviewing the medical evidence and his work requirements, affirmed OPM's decision. This appeal followed.

Discussion

The factual decisions of OPM in matters of disability determinations may be reviewed by the Board pursuant to 5 U.S.C. § 8347(d). However, under § 8347(c), that is the only review available:

> The Office shall determine questions of disability and dependency arising under this subchapter. Except to the extent provided under subsection (d) of this section [providing for Board review], the decisions of the Office concerning these matters are final and conclusive and are not subject to review.

This statutory requirement precludes our review of OPM factual determinations in matters of disability determination. *See Lindahl v. OPM*, 470 U.S. 768, 791, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985) ("Accordingly, while the factual underpinnings of § 8347 disability determinations may not be judicially reviewed, such review is available to determine whether 'there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error "going to the heart of the administrative determination." ' ") (quoting *Scroggins v. United States*, 184 Ct.Cl. 530, 397 F.2d 295, 297 (Ct.Cl.1968)); *Lee v. OPM*, 762 F.2d 987, 988 (Fed.Cir.1985) ("The Supreme Court has recently ruled that the factual underpinnings of 5 U.S.C. § 8347(c) disability determinations may not be judicially reviewed.") (citing *Lindahl* ).

**510**

Mr. Smith challenges only the factual findings of OPM. Although he re-presents the medical evidence before the OPM and the Board and argues that this evidence is so overwhelmingly in his favor that a finding against him constitutes legal error, he is in fact challenging the factual finding. Under the statute, such findings are not subject to review. Consequently, the petition for review is dismissed.